**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES CATO, Jr., <br><br>      Plaintiff-Appellant, <br><br>   v. <br><br> J. A. DUMONT, <br><br>      Defendant-Appellee. | No. 16-16447 <br><br> D.C. No. 1:14-cv-00564-LJO-SAB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted September 26, 2017[**]

Before:   SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

  California state prisoner James Cato, Jr., appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action arising out of his placement in administrative segregation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district

---

  [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's legal rulings on exhaustion and for clear error the district court's findings on disputed issues of material fact relevant to exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court did not clearly err by finding that Cato's grievance was untimely and that Cato did receive a response to his grievance but failed to exhaust his administrative remedies to the highest level. *See id.* at 1170-71 ("[D]isputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue."). Thus, the district court properly granted summary judgment because Cato failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies or whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, internal quotation marks, and emphasis omitted)).

**AFFIRMED.**

16-16447